**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CESAR MORENO,** | ) | **Case No.** |
| | ) | |
| | ) | **Judge** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge** |
| **v.** | ) | |
| | ) | |
| **INV. CONVERSE,** | ) | |
| **INV. YOUNG,** | ) | |
| **INV. MARTIN,** | ) | |
| **JOHN DOE OFFICERS,** | ) | |
| **Individually, and THE CITY OF** | ) | |
| **AURORA, A Municipal Corporation,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CESAR MORENO**,** by and through his attorneys, The Law Office of C.N. Norris, LLC, and complaining against the Defendants, INV. CONVERSE, INV. YOUNG, INV. MARTIN, JOHN DOE OFFICERS, Individually, and the CITY OF AURORA, a Municipal Corporation, as follows:

## COUNT I – EXCESSIVE FORCE

1.This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, CESAR MORENO, accomplished by acts and/or omissions of the Defendants, INV. CONVERSE, INV. YOUNG, INV. MARTIN, AND JOHN DOE OFFICERS committed under color of law.

2.Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3.The Plaintiff, CESAR MORENO, was at all relevant times a United States Citizen and resident of the State of Illinois.

4.At all relevant times the Defendants, INV. CONVERSE, INV. YOUNG, INV. MARTIN, and JOHN DOE OFFICERS were duly appointed Aurora Police Officers acting within the scope of their employment and under color of law.

5.The CITY OF AURORA is a statutory municipal corporation and the employer of the Defendants.

6.On January 5, 2020, Plaintiff, CESAR MORENO, was in a residence located at 206 Clark Street in Aurora, IL.

7. At the time, the Plaintiff CESAR MORENO was exiting the above mentioned residence with his girlfriend, friend, and baby child to leave the location via a car.

8. While Plaintiff was applying his child to a baby car seat in the passenger back side of the vehicle, Defendants INV. CONVERSE, INV. YOUNG, INV. MARTIN, and JOHN DOE OFFICERS parked their van behind the Plaintiff's vehicle.

9. After Defendants INV. CONVERSE, INV. YOUNG, INV. MARTIN, and JOHN DOE OFFICERS parked, they all ran out of the vehicle and, without justification or cause, tackled the Plaintiff to the ground.

10. Defendants then proceeded to savagely punch and kick Plaintiff while he was on the ground despite the fact that Plaintiff was not resisting Defendants, nor committing any crimes or threatening the Defendants.

11. After applying handcuffs to the Plaintiff, Defendants savagely picked up the Plaintiff

and took him to their van.

12. Plaintiff was injured due to the excessive force applied by Defendants INV. CONVERSE, INV. YOUNG, INV. MARTIN, JOHN DOE OFFICERS and subsequently received medical attention.

13. The force used by Defendants INV. CONVERSE, INV. YOUNG, INV. MARTIN, JOHN DOE OFFICERS was unreasonable and excessive in violation of the Plaintiff's Fourth and Fourteenth Amendment to the United States Constitution as protected by 42 U.S.C. §1983.

14. The actions of the Defendants were intentional, willful and wanton.

15. As a result of the Defendants' actions, the Plaintiff CESAR MORENO was injured.

16. The aforementioned actions were the direct and proximate cause of the Constitutional violations set forth above, and caused Plaintiff, CESAR MORENO, to suffer without limitation, physical injury, pain and suffering, humiliation, and emotional distress.

**WHEREFORE** the Plaintiff, CESAR MORENO, prays for judgement against Defendants INV. CONVERSE, INV. YOUNG, INV. MARTIN, JOHN DOE OFFICERS for reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

**COUNT II– INDEMNIFICATION – CITY OF AURORA**

1-16. The Plaintiff, CESAR MORENO, hereby re-alleges and incorporates his allegations of paragraphs 1-16 of Counts I as his respective allegations of paragraphs 1-16 of Count II though fully set forth herein.

17. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

41. The Defendants INV. CONVERSE, INV. YOUNG, INV. MARTIN, JOHN DOE

OFFICERS were employees of THE CITY OF AURORA, acting within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should the Defendants INV. CONVERSE, INV. YOUNG, INV. MARTIN, JOHN DOE OFFICERS be found liable for any of the acts alleged above, Defendant CITY OF AURORA would be liable to pay the Plaintiff, CESAR MORENO, any judgment obtained against said officers.

## JURY DEMAND

The Plaintiff, CESAR MORENO, hereby requests a trial by jury.

Respectfully submitted,

/s/ Brian Orozco
One of Plaintiffs' Attorneys
The Law Office of CN Norris, LLC
900 West Jackson Blvd., Suite 6E
Chicago, Illinois, 60607